UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES HERBERT GRAP, | CIV. 18-5058-JLV |
| Plaintiff, | ORDER |
| vs. | |
| RAPID CITY POLICE DEPT, | |
| Defendant. | |

**INTRODUCTION**

Plaintiff James Grap, appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging he was searched and arrested unlawfully. (Docket 1). Plaintiff also filed two motions to proceed *in forma pauperis* and a motion to appoint counsel. (Dockets 2, 5 & 10). The court grants plaintiff *in forma pauperis* status, but dismisses his complaint.

**I.    *In Forma Pauperis* Status**

Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act ("PLRA"), governs proceedings filed in forma pauperis. When a prisoner files a civil action *in forma pauperis*, the PLRA requires a prisoner to pay an initial partial filing fee when possible. See 28 U.S.C. § 1915(b)(1). The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)    the average monthly deposits to the prisoner's account; or

(B)     the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.

In response to a court order, plaintiff provided a copy of his prisoner trust account report signed by an authorized prison official.  (Dockets 9 & 11).  The report shows an average monthly deposit since he arrived at the institution at which he is currently incarcerated of $73.33, an average monthly balance of $5.36, and a current balance of $0.59.  Id.  Based on this information, the court grants plaintiff leave to proceed *in forma pauperis* provided he pays an initial partial filing fee of $14.66, which is 20 percent of $73.33.  28 U.S.C. § 1915(b)(1).  Mr. Grap must pay this initial partial filing fee by **September 19, 2019**.  These findings do not discharge the $350 filing fee but rather allow a prisoner the opportunity to pay the filing fee in installments.  See 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.").

## II.     Prisoner Complaint Screening

### A.     Legal standard

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee."  Lewis v. Estes, 242 F.3d 375 at *1

(8th Cir. 2000) (unpublished) (citing <u>Carr v. Dvorin</u>, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The court may dismiss a complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).

Because plaintiff is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985); <u>Ellis v. City of Minneapolis</u>, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. <u>Davis v. Hall</u>, 992 F.2d 151, 152 (8th Cir. 1993); <u>Parker v. Porter</u>, 221 F. App'x 481, 482 (8th Cir. 2007).

**B.    Analysis**

The court must dismiss the complaint because plaintiff is attempting to sue entities that cannot be sued. Municipal police departments are not suable

entities.  Ketchum v. City of W. Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992).

Police departments are "simply departments or subdivisions of the City

government."  Id.  The proper parties to an action alleging an unconstitutional

use of force in this circumstance would likely be the City of Rapid City under a

Monell theory or the law enforcement officers who allegedly used

unconstitutional force, in their individual or official capacities.  See Monell v.

Dep't. of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978).

The court also notes Heck v. Humphrey may bar plaintiff from pursuing

this action.  512 U.S. 477 (1994).  In Heck, the Supreme Court held "in order to

recover damages for allegedly unconstitutional conviction or imprisonment, or

for other harm caused by actions whose unlawfulness would render a

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction

or sentence has been" invalidated in some way.  512 U.S. at 486-87.  Here,

plaintiff alleges he was searched and arrested unlawfully at some point

"[a]round August of 2017."  (Docket 1-1).  In a criminal case in this court,

plaintiff pled guilty to failing to register as a sex offender.  See United States v.

Grap, CR. 18-50028 (Docket 34) (D.S.D. Jan. 18, 2019).  In the factual basis

statement associated with that plea agreement, plaintiff agreed he was arrested

in Rapid City on September 6, 2017.  Id. at Docket 35.  The court does not find

at this point that plaintiff's claim is Heck-barred, but notes plaintiff should

carefully consider the Heck doctrine if he decides to bring a new suit based on

these claims.

**ORDER**

Based on the analysis above, it is

ORDERED that plaintiff's motions to proceed *in forma pauperis* (Dockets 2 & 10) are granted.  Plaintiff shall pay the initial partial filing fee of $14.66 by **September 19, 2019**.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of plaintiff shall, whenever the amount in his inmate account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court for the United States District Court for the District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this order to the appropriate official at plaintiff's institution.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), plaintiff's complaint (Docket 1) is dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket 5) is denied as moot.

Dated August 5, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY VIKEN
CHIEF JUDGE